PER CURIAM.
Appellant, National Foundation Life Insurance Company (NFLI), defendant below, appeals the lower court’s order granting appellees attorney’s fees of $66,412.50.
On October 29, 1985, appellees, insureds, filed a two-count complaint to: (1) compel NFLI to pay claims in the amount of $51,-326.70 which the appellees had submitted under a major medical expense policy, and (2) compel NFLI to reinstate the policy, which it had rescinded. The complaint included a request for attorney’s fees, which are recoverable by a prevailing insured in such a case pursuant to section 627.428, Florida Statutes (1985).
On December 17, 1986, the complaint was amended to add a third count (which will be referred to as the bad faith claim) alleging violation of section 626.9541(l)(i)3., Florida Statutes (1985), for engaging in unfair claim settlement practices. Upon motion of appellees, the trial court severed the third count of the complaint and ordered that it be tried separately. Count III is still pending below.
Shortly before trial the parties settled the first two counts and thereafter executed a settlement stipulation whereby *690 NFLI agreed to pay appellees $60,468.17 and to reinstate appellees’ policy. The stipulation also provided that “[t]he amount of attorney’s fees and taxable costs which may be recovered from NATIONAL FOUNDATION in connection with Counts I and II shall be determined by the Court.”
Two of the issues raised on appeal merit discussion. First, NFLI contends that the court awarded appellees attorney’s fees for time spent in pursuing the bad faith claim, and that this was error. We agree. It would be inequitable at this stage to award fees for work done on the bad faith claim, because fees for the successful prosecution of bad faith claims are specifically provided for in section 624.155, Florida Statutes (1985), thus a double recovery of fees becomes a real possibility. Also, as we noted initially, the stipulated settlement explicitly stated that the amount of attorney’s fees recoverable “in connection with Counts I and II” shall be determined by the court. This indicates that the parties agreed that there would be no award of fees in connection with Count III at that time.
Appellees contend that the fees for time devoted to the bad faith claim are recoverable here because the time spent on the bad faith claim prior to settlement had a material effect on bringing about settlement of the first two counts. However, although one of appellees’ attorneys did testify that in her opinion the work on the bad faith claim had affected the outcome of the other two claims, she also testified that two of the entries on plaintiff’s exhibit number one, which contains the actual hours logged by appellees’ attorneys, related to the bad faith claim and were therefore “really not appropriately charged in these proceedings.”
Since appellees’ attorney agreed below that fees for those two hours of work on the bad faith claim should not be recovered, it is inconsistent for appellees to now contend that fees for all other work on the bad faith claim should be recovered. We note that fees for the particular two hours referred to were not awarded. On the other hand, it appears that some other hours allocable to the bad faith claim were included in the fee awarded. We agree with NFLI that at least thirteen entries included work which was apparently related only to the bad faith claim. In fact, one of appel-lees’ attorneys admitted on cross-examination that seven of these thirteen entries did concern the bad faith claim.
Appellees rely on Appalachian, Inc. v. Ackmann, 507 So.2d 150 (Fla.2d DCA), rev. denied, 515 So.2d 229 (Fla.1987), where the court held, inter alia, that the plaintiffs’ attorneys could recover fees, in a suit brought pursuant to the Interstate Land Sales Full Disclosure Act, for work they did as amicus curiae in a federal suit. Ackmann is distinguishable from the present case, however, for in Ackmann the defendant had requested a stay until the federal suit was decided as the outcome there would control the outcome in Ack-mann. The plaintiffs’ attorneys filed ami-cus briefs in the federal suit for the specific and sole purpose of protecting their success in Ackmann. Here, unlike in Ack-mann, appellees’ attorneys filed the bad faith claim not merely to enhance their bargaining position regarding a settlement on the first two counts, but in order to recover “exemplary damages together with attorney’s fees and costs” in connection with the alleged bad faith of the insurer.
Based on the foregoing we conclude that the trial court erred in awarding fees for work done in pursuit of the bad faith claim. We further conclude that the case must be remanded so that a determination of the number of work hours that were spent pursuing that claim may be made. The fee judgment is to be appropriately reduced.
The second issue which merits discussion is whether fees may be awarded for time spent solely in pursuit of the claim for attorney’s fees. We agree with NFLI that they cannot.
Appellees contend that the settlement did not dispose of the amount of the attorney’s fees, so any time devoted to obtaining attorney’s fees was chargeable. Again, however, appellees fail to note that the settlement stipulation limits recovery of fees to hours expended in pursuit of Counts I and *691 II. It does not provide for fees in connection with work done in pursuit of or determining the amount of attorney’s fees.
Based on the foregoing we reverse and remand for rehearing, with instructions to disallow time spent in pursuing the bad faith claim and in pursuing the issue of entitlement to and the amount of attorney’s fees.
REVERSED AND REMANDED.
HERSEY, C.J., and LETTS and GLICKSTEIN, JJ., concur.